UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONZA TIPTON, #254693,

        Plaintiff,

vs.

PRISON HEALTH SERVICES, INC,
RICHARD HALLWORTH,
LAWRENCE H. POMEROY,
PADMAJA VEMURI, M.D.,
VERNON STEVENSON, M.D.,
ADAM EDELMAN, M.D.,
SYLVIA McQUEEN, DR. S. COHEN,
JEFFREY C. STIEVE, M.D., LYNDA ZELLAR,
HARESH PANDYA, M.D., DUNCAN HOWARD,
TIMOTHY KANGAS, BETH GARDON, R.N.
CONNIE IVES, R.N., ALFRED JONES,
ANGELA MARTIN, NANCY MARTIN,
I. MARIE FLETCHER, DEBRA SCUTT,
BRUCE CURTIS, DENNIS STRAUB,
ALLEGIANCE HEALTH, FOOTE HOSPITAL,
and SAMIR PARIKH, M.D.,

        Defendants.

CASE NO. 10-13358
HONORABLE ARTHUR J. TARNOW

_____/

**ORDER VACATING THE ORDER TO SHOW CAUSE**
**AND DISMISSING THE COMPLAINT WITH PREJUDICE**

### I. Introduction

Plaintiff Leonza Tipton, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendants are Prison Health Services, Inc., and two of its officers, two medical facilities, and several doctors, nurses, administrators, and employees of the Michigan Department of Corrections.

*Tipton v. Prison Health Services, Inc., et al.*, No. 10-13358

Plaintiff alleges that the defendants refuse to authorize and perform a biopsy of a swollen lymph node behind his left ear. Plaintiff claims that he has suffered severe distress, pain, and a recurring infection as a result of the enlarged lymph node and the failure to perform a biopsy. He seeks declaratory, injunctive, and monetary relief.

On October 14, 2010, the Court directed service of the complaint on the defendants and ordered them to explain the basis for their decision not to perform a biopsy on Plaintiff. Having reviewed the responses to the order, the Court finds that Plaintiff has failed to state a claim for which relief may be granted. Accordingly, the order to show cause is vacated, and the complaint is dismissed.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549

*Tipton v. Prison Health Services, Inc., et al.*, No. 10-13358

(6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (citations and footnote omitted).

### III. Discussion

#### A. The Eighth Amendment

Plaintiff has alleged a violation of the Eighth Amendment, which prohibits cruel and unusual punishment. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is not to say that every request for medical attention must be heeded nor that courts are to engage in the process of second-guessing in every case the adequacy of medical care that the state provides." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). When "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are

3

generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Id.* at 860 n. 5.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. at 834 (citations omitted). Second, the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id*.

### B. Application

Plaintiff challenges the medical decision not to perform a biopsy of an enlarged lymph node behind Plaintiff's left ear  The complaint and exhibits indicate that Dr. Ronald W. Kornak examined the lymph node and authorized Plaintiff to see a surgeon to determine whether the lymph node should be removed. Plaintiff subsequently consulted general surgeon David Prough, who offered to perform a surgical biopsy for pathologic evaluation of the node.

Although Prison Health Services declined to order a biopsy, the complaint and exhibits indicate that Plaintiff received medical attention for the swollen lymph node. He was examined, his medical file was reviewed, and he had CT scans, which revealed no abnormality. Plaintiff also was treated for the pain that he experiences. Dr. Kornak did not think the lymph node had to be removed, and even Dr. Prough, who offered to perform an excisional biopsy, noted that a biopsy might have no direct effect on Plaintiff's underlying discomfort.

The defendants' responses to the Court's order to show cause confirm that a biopsy is unnecessary. Adam Edelman, M.D., states in an affidavit dated November 29, 2010, that he is employed by Prison Health Services as Medical Director of Utilization Management for Michigan correctional facilities. He reviewed Plaintiff's medical records and consulted with a specialist in oncology. His investigation led him to conclude that Plaintiff's condition appeared to be the result of periodic infections and that Plaintiff does not need a biopsy. Dr. Edelman noted that the swelling of Plaintiff's lymph node had resolved itself with treatment in the past and that, on August 11, 2010, the lymph node was barely palpable at four to five millimeters in size. At a clinical examination on November 11, 2010, there was no increase in the lymph node's size.

According to Dr. Edelman, Plaintiff's psychiatric condition impacts his perceptions of his health. Plaintiff's psychiatric history indicates that he mistrusts healthcare providers. This mistrust caused Plaintiff to go on a hunger strike in 2004 and to refuse medical treatment for an actual tooth infection.

Jeffrey C. Stieve, M.D., is the Chief Medical Officer for the Michigan Department of Corrections. Dr. Stieve states in an affidavit dated November 29, 2010, that, although Dr. David Prough offered to remove Plaintiff's lymph node in 2009, he (Dr. Stieve) does not concur with Dr. Prough's suggestion to perform an excisional biopsy. Dr. Stieve states that a biopsy of a lymph node for the sake of a painful node is not standard care unless the cause of the enlarged node is worrisome. Dr. Stieve notes that an alternative treatment plan of surveillance was initiated on July 16, 2009, and that Plaintiff has had eighteen medical visits or exams since he

5

consulted Dr. Prough. CT exams have failed to demonstrate any pathology, and, in Dr. Stieve's opinion, this suggests that the swollen lymph node was a minor, temporary, and self-resolving problem. Furthermore, Plaintiff's discomfort is being adequately addressed. Dr. Stieve concludes in his affidavit that it is a good thing the biopsy was not performed, for it now appears that Plaintiff's enlarged node regressed spontaneously, that a biopsy is unnecessary, and that Plaintiff has avoided the risks and discomforts of surgery.

### IV. Conclusion

The Court concludes from exhibits to the complaint and from responses to its order to show cause that the defendants have not been deliberately indifferent to a serious medical issue. "[P]rison officials must ensure that inmates receive adequate . . . medical care," *Farmer v. Brennan*, 511 U.S. at 832, but Plaintiff's claim involves a mere difference of opinion between him and medical personnel regarding the appropriate treatment for his lymph node. Whether a biopsy is required is a matter for medical judgment, and an informed decision not to order a medical procedure does not constitute deliberate indifference to a serious medical need, nor cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 107. Consequently, the order to show cause [Dkt. #6] is **VACATED**, and the complaint [Dkt. #1] is dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for appointment of counsel [Dkt. #5] is **DENIED** as moot.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 28, 2010

*Tipton v. Prison Health Services, Inc., et al*., No. 10-13358

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 28, by electronic and/or ordinary mail.

                                      S/Catherine A. Pickles
                                      Judicial Secretary